UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Michael Anthony Burns,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 06-144(2) ADM/FLN

_____

Andrew Dunne, Esq., United States Attorney Office, Minneapolis, MN, on behalf of Plaintiff.

Michael Anthony Burns, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Michael Anthony Burns' ("Burns") Motion for Sentence Reduction [Docket No. 70] ("Motion"). The Government opposes the Motion in its Response to Defendant's Motion for Sentence Reduction [Docket No. 71] ("Response"). For the reasons set forth below, Burns' Motion is denied.

## II. BACKGROUND

On August 2, 2006, Burns pled guilty to possession with intent to distribute in excess of fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Plea Agreement [Docket No. 28]. Burns was determined to be a "Career Offender" under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1(a)-(b), which resulted in a base offense level of 37. With a three-level reduction for "acceptance of responsibility" under U.S.S.G. §§ 3E1.1(a)-(b), the Court determined that Burns' base offense level was 34 with an applicable guideline range of imprisonment of 262 to 327 months. Sentencing Tr. [Docket No. 60] 3. Burns was

sentenced to a term of imprisonment of 210 months, followed by five years of supervised release, a downward variance from the advisory guidelines range. See Sentencing Judgment [Docket No. 40].

On December 29, 2008, Burns filed a motion for sentence reduction based upon the lowered base offense levels for cocaine base offenses, pursuant to Amendments 706 and 711 to the Sentencing Guidelines. Mot. to Reduce Sentence [Docket No. 61]. On February 5, 2009, this Court denied Defendant's motion for sentence reduction because it found that, as a "Career Offender" under the Sentencing Guidelines, Burns was ineligible for sentence reduction under the new amendments. Feb. 5, 2009 Order [Docket No. 65]. Burns appealed the denial of his motion, and the Eighth Circuit affirmed the order on March 4, 2009.

Burns filed another motion for sentence reduction under 18 U.S.C. § 3582(c)(2) on November 10, 2011. Burns' motion is based on the new amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1, reducing the base offense levels for certain cocaine base offenses.

### III. DISCUSSION

Sentence reductions under 18 U.S.C. § 3582(c)(2) are authorized only when a prison sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Courts have held that amendments to the Sentencing Guidelines in U.S.S.G. § 2D1.1 do not benefit Career Offenders. United States v. Tolliver, 570 F.3d 1062, 1065–66 (8th Cir. 2009); United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009) ("When a defendant is found to be a career offender . . . , the applicable guideline range under section 3582(c)(2) is his career offender range, even if the actual sentence is a downward departure from it.").

Burns' original sentencing guideline range has not changed with this amendment because his sentence did not rest on the cocaine base provision in U.S.S.G. § 2D1.1; rather, his sentence was based on the determination that he was a Career Offender pursuant to U.S.S.G. §§ 4B1.1(a)–(b). Because the Career Offender enhancement is unaffected by the new guideline amendment, Burns' offense level remains the same. Under U.S.S.G. § 1B1.10(b)(1), amendments only apply to "the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Therefore, Burns is ineligible to receive any relief under U.S.S.G. § 2D1.1 or 18 U.S.C. § 3582(c)(2), and his Motion is accordingly denied.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Burns' Motion for Sentence Reduction [Docket No. 70] is **DENIED.**

BY THE COURT:


 s/Ann D. Montgomery 
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 1, 2011.